## CAROLINE NORDEMEYER *v.* PHILIP A. LOESCHER.

A common carrier has the right to exact payment in advance for his services, and if the person who employs the carrier pays the carriage in advance, he cannot be required to pay it over again to another party, who has, without his authority, performed the service. In such case, there is no privity of contract between him and the carrier who performs the service, and the latter has no lien upon the property against the owner, but must look to the party who employed him, for his compensation.

But a carrier, employed to forward goods, may employ another carrier to perform the service, and the latter will have a lien on the goods for his charges, where the charges for carriage have not been previously paid to the former carrier.

An agreement to carry a passenger and his baggage includes only ordinary bag- ·gage, or such articles of necessity and personal convenience as are usually carried by passengers.

H. agreed to convey N. from Hamburg to New York, and to forward her baggage to her there, to the care of the defendants. He employed another carrier to forward the baggage, from whom it was received by the defendant  It did not appear whether N. had paid for her passage or the carriage of her baggage or not:

*Held*, that, in the absence of such evidence, the defendant had a lien on the baggage for charges incurred in the carriage thereof, and paid by him to the carrier.

APPEAL by defendant from a judgment of the Marine Court.

---

---

This was an action to recover damages for an alleged conversion of personal property of the plaintiff. Judgment was rendered for $127 for the plaintiff, by the justice who tried the cause, which was affirmed at the general term of the Marine Court. The defendant appealed. The facts are stated in the opinion of the court.

*Charles A. May*, for the appellant.

*H. W. Johnson*, for the respondent.

DALY, J.—All that can be gathered from the very imperfect statement of the case, upon which this cause was heard by the general term of the court below, is, that the plaintiff made an agreement with one Hirschman, a shipping merchant in Hamburg, by which Hirschman promised to send her to New York in the ship Waterloo, and to forward her baggage there, which he told her she would find in New York, at the defendant's. It does not appear, by the case, whether she paid her passage or only paid part of it, or merely agreed to pay her passage. In one part of the case it is said that "she paid or agreed to pay it," and, in another, that an "advance and money" was due by her upon her passage, the freight of her baggage, insurance, &c. Hirschman sent her to this city, in the ship Waterloo, where she arrived eight weeks before the arrival of the baggage. The baggage was received here by the defendant, who paid the charges and expenses upon it, amounting to $59.50, which included $36.18 for advance charges, insurance, &c., in Hamburg, and $23.32 for freight, duties, cartage, storage, and commissions, incurred or payable here. Hirschman delivered the baggage over to another shipping merchant in Hamburg, who paid the advance or money due upon it to Hirschman, and this shipping merchant consigned it to the defendant, with instructions to collect $36.18 charges at Hamburg, which were noted on the bill of lading, together with the charges for freight, storage, commissions, &c., at New York; instructing him, further,

not to deliver it until the charges upon it were paid.   After the arrival of the baggage in New York, the plaintiff called upon the defendant, and he required her to pay the $59.50, which she refused to do; and, as he would not deliver it until he was paid that amount, for which he claimed to have a lien upon the baggage, the plaintiff brought her action and recovered judgment for $127, the value of the property.

The plaintiff was allowed to recover in the court below, upon the ground that there could be no lien, as Hirschman had received his whole pay for the transportation in advance from the plaintiff.   In the judgment of the court, Hirschman violated his agreement and acted without authority, in transferring the baggage to another shipping merchant in Hamburg for transportation.   They held that he was a special agent to do a specific act, and that if he could intrust the execution of the contract to another, the person undertaking to perform it did so in subordination to the original contract, and could acquire no other rights under it than Hirschman had.   The law as laid down by the court was correct, if they were right as to the facts.   If the plaintiff had paid Hirschman in advance for the transportation of the baggage from Hamburg to New York, then the case cited in the opinion of the court (*Fitch* v. *Goodall*, 1 Doug. [Mich.] 1) would have been in point.   A carrier has the right to exact payment in advance for his services, and if the person who employs the carrier pays the carriage in advance, he cannot be required to pay it over again because another party, without his authority, performs the service.   In such a case there is no privity of contract between him and the party who performs the service.   That party has no lien upon the property as against him, but must look to the party who employed him, for his compensation.  When employed, he had the right to exact payment for his services in advance; and, having omitted to do so, he has no superior equities to the owner of the goods, who has already paid for their carriage.

But nothing of this kind appears in the statement of facts upon which this case was heard before the court below   It does not

appear, by the statement, that the plaintiff paid anything for the carriage of this baggage, to Hirschman. It does not appear, even, whether she paid her passage. From all that appears, she may have paid but part of it, or may merely have agreed to pay for it, and if any part of her passage money remained unpaid, Hirschman would have a lien for it upon her baggage in his possession, or in the possession of his agent. *Wolf* v. *Summers*, 2 Campb. 631. But it is immaterial whether the passage money was paid or not. It is very evident that the property in this case would not fall within what, in legal acceptation, is regarded as the baggage of a passenger. The baggage which a passenger is entitled to bring with him, and which is included in the general contract for the carriage of the passenger, is *ordinary* baggage, or such articles of necessity and personal convenience as are usually carried by passengers. *Grant* v. *Newton*, 1 E. D. Smith, 98; Angel on Carriers, § 115. It does not include merchandise, or all that a passenger may desire to bring with him from one place to another. Indeed, it has been restricted so far, in the case of carriage upon land, as not to include money for travelling expenses, carried in the passenger's trunk. *Grant* v. *Newton*, 1 E. D. Smith, 98; *Hopkins* v. *Hopkins*, 6 Hill, 585. In this case, what is denominated baggage, in the statement of facts, consisted of one box, two cases, and one trunk; the bulk and character of which may be judged, from the fact that the expense of its transportation from Hamburg to New York, by a single vessel, amounted to a considerable sum. In this expense were embraced charges for duties, from which it would seem that it must have included merchandise; for the personal baggage of all persons who arrive in the United States is exempt from duty. Act of March 2, 1799, § 46. Property, evidently so bulky as this, an emigrant would not be entitled to bring with him as baggage. The freight of it alone must have been nearly, if not quite, equal to what an emigrant would have to pay for his passage by ship from Hamburg to New York, and the court below could not have been justified in concluding that the agreement of Hirschman to send or forward the plaintiff to New York, on payment of her pas-

sage money, included the transportation of all this property. It. is said, in the statement, that he promised to send or forward her to New York in the ship Waterloo, and also to forward her baggage, and that nothing was said at the time about the freight of the baggage, except that it would be found at New York, at the defendant's. He agreed to send her by the ship Waterloo, and he did so, but it does not appear that he agreed to send the property by that vessel; for, if the property was to go by the Waterloo, the plaintiff would find it on board that vessel upon her arrival. She would in fact go with it, and there would, in that case, be no necessity to make provision for the place where she would find it in New York—no occasion for consigning it to the care of the defendant. This feature in the case, therefore, shows very clearly that something was to be paid upon it in New York—the freight for its transportation, with probably other charges, such as insurance, and, it may be, some portion of the. passage money—as Iburg, the other shipping merchant, when the property was delivered to him for shipment, to the care of the defendant, paid to Hirschman the "advance and money due by the plaintiff upon her passage, the freight of her baggage, insurance, &c."

The court below thought that Hirschman violated his agreement by delivering the property to Iburg for shipment. Such would undoubtedly be the fact, if it appeared that he had been paid for its transportation, and had delivered it to another carrier, with the understanding that the cost of its transport was to be collected from the owner or claimant at the place of destination. But nothing of the kind appeared. He agreed to send it to the defendant, at New York, where the plaintiff was to find it, and he did so. Whether he shipped it himself, or employed Iburg to ship it, was wholly immaterial. The contract. was executed. Iburg acted in the matter as his agent, or in subordination to the original contract. He could not and did not do anything that was not warranted by the agreement. The. terms and conditions of the contract were not violated either by him or by Hirschman, for the property was sent to New York

exactly as Hirschman had agreed to send it. Iburg did not ad
vise the defendant that the plaintiff was entitled to claim it; but
no difficulty arose from this omission or neglect, for the defend-
ant was willing to deliver it upon the payment of the charges.
It does not, therefore, lie with the plaintiff to object that another
carrier intervened. It was productive of no loss or injury to her.
It did not change or vary her position under the contract. If
Hirschman, instead of Iburg, had shipped the property, she would
have been required to do exactly what the defendant requested
her to do—pay the charges—before she could have become enti-
tled to have the property delivered to her. There are certain con-
tracts the performance of which cannot be delegated to another,
as where a man employs a physician or an architect; because,
in such cases, the personal services and personal skill of the
party employed are engaged. But employing a shipping mer-
chant to forward four cases from Hamburg to New York is not a
contract of this kind. He engages that the property shall be for-
warded to New York within a reasonable time, and the means
that he employs to accomplish that object are wholly immaterial.
If he accomplishes it, he fulfils his contract; and this Hirschman
did. Though he delivered the property to Iburg, he remained
responsible for its safe carriage, and if it was lost or injured in
the course of its transport, he, and not Iburg, was the party re-
sponsible to the plaintiff. The lien which attached to it for the
charges upon its transportation was, as against the plaintiff, his
lien, and the defendant, as his agent, or rather as the agent
of Iburg, who was Hirschman's agent, had a right to detain the
property until the lien was discharged. The fundamental error
of the court below consisted in assuming that Hirschman "had
received his whole pay in advance" for the transportation of the
property—a conclusion totally unwarranted by the facts. The
statement of facts warrant a conclusion directly opposite; that
is, that he had received nothing for this service; that it was a
service distinct and independent from the plaintiff's contract for
her passage in the ship Waterloo, and that there was a lien upon
the property for the charges growing out of its transportation

from Hamburg to New York. Whether a lien existed to the full amount claimed or not, does not appear to have been agitated, as the court put their decision upon the ground that there could be no lien of any kind; and it is impossible for us to say, upon the statement before us, whether the property was chargeable with a lien to the amount of $59 or not. All that we can say is, that it is very clear that there was a lien upon it to some extent.

Judgment reversed.